IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

JARDIN DE LAS CATALINAS LIMITED, PARTNERSHIP; JARDIN DE SANTA MARIA LIMITED PARTNERSHIP,

Plaintiffs,

v.

GEORGE JOYNER, IN HIS OFFICIAL CAPACITY AS EXECUTIVE DIRECTOR OF THE PUERTO RICO HOUSING FINANCE AUTHORITY,

Defendant.

CIVIL NO. 11-1374 (FAB/CVR)

**REPORT AND RECOMMENDATION**

**INTRODUCTION**

Plaintiffs Jardín de las Catalinas Limited Partnership and Jardín de Santa María Limited Partnership (hereafter "plaintiff Catalinas" and/or "plaintiff Santa María") are limited partnerships organized under the laws of Delaware and authorized to do business in the Commonwealth of Puerto Rico. Catalinas is the owner of low income building consisting of 132 rental apartments in a qualified low income building under the Internal Revenue Code. Santa María is a limited partnership also organized under the laws of Delaware and the owner of a low income building consisting of 77 rental apartments qualified as low income building. Defendant is the Executive Director of the Puerto Rico Housing Finance Authority (hereafter "PRHFA" or "defendant"), a subsidiary of the Puerto Rico Government Development Bank, an instrumentality of the Commonwealth of Puerto Rico. PRHFA is the designated state allocation agency which administers and is responsible for the allocation of the Low Income Housing Tax Credits.

Plaintiffs Catalinas and Santa María filed above complaint against defendant for a claim arising under the Internal Revenue Code, for civil rights violation upon an alleged seizure as to property constituted by tax credit on federal income tax returns which was offset dollar for dollar from an indirect federal subsidy used to finance low-income housing. (Docket No. 1).

Plaintiffs submit that, upon enactment of the Housing and Economic Recovery Act of 2008, among other provisions, there was a temporary increase in the applicable credit percentage for buildings, such as theirs, that were placed in service after July 10, 2008. Despite said mandate, defendant seized the additional credits received from the U.S. Department of the Treasury instead of distributing those credits among the low income housing projects. Plaintiffs filed the complaint against defendant PRHFA for arbitrarily reducing the qualified basis for each project and, thus, seizing the additional credits received under federal law, which it entails a civil right claims for the taking of property under 42 U.S.C. Section 1983.

On December 19, 2011, defendant PRHFA filed a Motion for Judgment on the Pleadings. (Docket No. 22). Plaintiffs requested an extension of time to file their reply to the pending Motion for Judgment of the Pleading, which was granted until January 20, 2012. (Docket Nos. 25 and 26). The record shows that no reply has been filed.

The Court had previously referred the present case to this Magistrate Judge for case management and all further proceedings except the pretrial, and trial. As such, it is proper

to issue a report and recommendation as to any pending dispositive motion. (Docket Nos. 10 and 11).

**STANDARD OF REVIEW FOR JUDGMENT ON THE PLEADINGS**

The standard of review of a motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) is the same as that for a motion to dismiss under Rule 12(b)(6). Pasdon v. City of Peabody, 417 F.3d 225, 226 (1st Cir.2005); Collier v. City of Chicopee, 158 F.3d 601, 602 (1st Cir.1998).

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure dismissal may be warranted for failure to state a claim upon which relief can be granted. To elucidate a motion to dismiss the Court must accept as true "all well-pleaded factual averments and indulg[e] all reasonable inferences in the plaintiff's favor." Aulson v. Blanchard, 83 F.3d 1, 3 (1st Cir. 1996). A complaint must set forth "factual allegations, either direct or inferential, regarding each material element necessary to sustain recovery under some actionable theory." Romero-Barceló v. Hernández-Agosto, 75 F.3d 23, 28 n. 2 (1st Cir. 1996) (*quoting* Gooley v. Mobil Oil Corp., 851 F.2d 513, 514 (1st Cir. 1988)). The Court, need not accept a complaint's " 'bald assertions' or legal conclusions" when assessing a motion to dismiss. Abbott, III v. United States, 144 F.3d 1, 2 (1st Cir. 1998) (*citing* Shaw v. Digital Equip. Corp., 82 F.3d 1194, 1216 (1st Cir. 1996)).

The Supreme Court most recent opinion changes the standard for a motion to dismiss so that plaintiff will now have to include more information in the pleadings if

he/she wants to survive a 12(b)(6) motion. *See* Bell Atl. Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1969 (2007).[1]

The First Circuit has cited to this decision and noted this new standard in Rodríguez-Ortiz v. Margo Caribe, Inc., 490 F.3d 92, 94-95 (1st Cir. 2007), wherein, as stated in part below indicated:

> At the outset, we note that even under the liberal pleading standard of Federal Rule of Civil Procedure 8, the Supreme Court has recently held that to survive a motion to dismiss, a complaint must allege "a plausible entitlement to relief." Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1967, 167 L. Ed. 2d 929 (2007). In so doing, the Court disavowed the oft-quoted language of Conley v. Gibson, 355 U.S. 41, 45-46, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957), that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." See Twombly, 127 S. Ct. at 1969. The Court found that the "no set of facts" language, if taken literally, would impermissibly allow for the pleading of "a wholly conclusory statement of [a] claim," and that "after puzzling the profession [**8] for 50 [*96] years, this famous observation has earned its retirement." *Id.* at 1968, 1969.

Similarly under Fed.R.Civ.P. 12(b)(6) for failure to state a claim, the factual statements of the complaint are still considered true, indulging every reasonable inference helpful to plaintiffs' cause. However, the tenet that a court must accept as true all the allegations contained in a complaint is inapplicable to legal conclusions and mere recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. Ashcroft v. Iqbal, __U.S. __, 129 S.Ct. 1937, 1949 (2009).

[1] No heightened fact pleading of specifics is required but only enough facts to state a claim to relief that is plausible on its face. Bell Atlantic, 127 S.Ct. at 1974.

## LEGAL DISCUSSION

Defendant PRHFA's Motion for Judgment on the Pleadings rests in that it has already been clearly established plaintiffs do not have entitlement to these credits and as such lack a property interest in the same, for which their Section 1983 claim should not be allowed. Upon plaintiffs Las Catalinas and Santa María having been unable to establish a violation of a constitutional right, it is further averred the defendant Executive Director of PRHFA would be entitled to qualified immunity as to plaintiffs' claims.[2] In the alternative, defendant submits plaintiffs' claim is time-barred for the alleged seizure of funds took place more than one year before the filing of the Complaint. (Docket No. 22).

### I. Cause of Action under Section 1983.

To establish defendant's liability under Section 1983 plaintiffs must comply within its provisions that state:

> Every person who, under color of any statute, ordinance, regulation custom, or usage ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress....Title 42, United States Code, Section 1983.

Defendant PRHFA claims plaintiffs have not established a cause of action under Section 1983, for they must be able to sustain having been deprived of rights, privileges or immunities secured by the Constitution or laws of the United States. As such, there must

[2] However, defendant George Joyner, Executive Director of PRHFA, was only sued in his official capacity for which qualified immunity would not be applicable since qualified immunity confers immunity only from individual capacity suits, such as suits for money damages, that have been brought against government actors. Nereida-González v. Tirado-Delgado, 990 F.2d 701, 705 (1st Cir. 1993).

have been an actual deprivation of plaintiffs' federally protected rights; and there must have been a causal connection between the defendant's conduct and the deprivation of the constitutional rights claimed.[3]

Plaintiffs Catalinas and Santa María claim being deprived of monies illegally by defendant's not granting or miscalculating their tax credit under Section 42 of the Internal Revenue Code for their low income qualified properties, that is, being deprived of their property. However, in United States v. Griffi, 324 F.3d 330 (5th Cir. 2003), unissued tax credits were not considered property for purposes of having defendant charged with fraud for unissued tax credits had zero intrinsic value and, thus, tax credits were not property while there in the state agency's possession.

Furthermore, in examining the statute regarding federal low income housing tax credit program in Mendoza v. Frenchman Hill Apartments LP,[4] it was considered that even tenants who were to be evicted did not have a Section 1983. It was concluded the Internal Revenue Code thereunder failed to confer individual rights for it provided only a remedy of specific enforcement in the State courts but did not create a remedy under Federal Law, but rather a private cause of action for specific performance against a taxpayer and not a

[3] The causal connection requires to establish the defendant's own action deprived plaintiff of a protected right and said deprivation was intentional.

[4] 2005 WL 6581642 (E.D. Washington 2005) (granting summary judgment for defendant on plaintiff's §1983 claim for eviction without cause of low-income property for no enforceable private right of action for violations under Federal Low Income Housing Tax Credit Act) .

classic rights-creating language as to the one under Title VII criteria cited by the Supreme Court's analysis in Gonzaga University v. Doe [5].

Defendant PRHFA also submits the tax credit created by Section 42 of the Internal Revenue Code is awarded based on criteria to be set by each state agency in a qualified allocation plan which does not identify any particular condition under which the states are obligated to allocate them. Thus, the states have complete discretion regarding how to distribute these tax credit and no single applicant can claim an entitlement to same. 26 U.S.C. §42(m)(1)(B).

Herein plaintiffs' action is similar to Barrington Cove, LP v. R.I. Hous. & Mortg. Fin. Corp.,[6] wherein the Court of Appeals for the First Circuit stated that, when dealing with a historic restauration tax credit, plaintiffs did not have a property interest in tax credits, such as the one claimed herein, for which a cause of action under Section 1983 was lacking. When dealing with an alleged property interest in a government benefit, there must be more than an abstract need or desire for the benefit or mere unilateral expectation the petitioner deserves same. More so when the regulation to manage the benefit vested on the state agency absolute discretion to determine whether federal income tax credits are to be awarded. Thus, there is no cognizable property interest in the promised or expected federal income tax credit.

[5] 536 U.S. 273, 122 S.Ct. 2268 (2002) (analyzing damages claim by student to enforce provisions of Family Educational Rights and Privacy Act of 1974 for releasing education records to unauthorized persons by addressing the issue of whether federal statutes create rights enforceable under Section 1983).

[6] 246 F.3d 1 (1st Cir. 2001) (no constitutional property interest in federal tax credit).

As such, it can be concluded that plaintiffs Catalinas and Santa María lack a cause of action under Section 1983 and judgment on the pleadings for defendant is warranted.

**II. Statute of Limitations.**

In the alternative that a cause of action may still be found under Section 1983 as to plaintiffs' claim for the alleged seizure of a percentage of the tax credits, defendant PRHFA submits their claim is time-barred.

These credits are allocated by the state housing agency, herein defendant PRHFA, through the use of IRS Form 8609 (Low Income Housing Credit Allocation and Certification). Plaintiffs Catalinas and Santa María received and signed the relevant IRS Forms 8609 on or before April 15, 2010, for which the herein Complaint presented on April 19, 2011, was filed more than one year thereafter. As such, defendant submits that plaintiffs' Section 1983 claim is late.[7]

Federal civil rights statutes such as the one under Section 1983 borrow the state's limitation period governing personal injury action, which in the Commonwealth of Puerto Rico is one year. One year governs all personal injury actions and/or tort claims as set forth in the Puerto Rico Civil Code. P.R. Laws Ann. Tit. 31, §5298(2). *See* Torres v. Superintendent of Police, 893 F.2d 404, 406 (1st Cir. 1990). However, Puerto Rico has

[7] Section 1983 claims accrue when the plaintiff "knows or has reason to know of the injury which is the basis of the action." Street v. Vose, 936 F.2d 38, 40 (1st Cir.1991) (quoting Torres v. Superintendent of Police, 893 F.2d at 407). For purposes of determining when a claimant knew or had reason to know of the alleged injury, we look to the common law cause of action most closely analogous to the constitutional right at stake. Heck v. Humphrey, 512 U.S. 477, 484, 114 S.Ct. 2364, 2371 (1994). As the elements in any species of section 1983 "tort" are ordained by its constitutional prototype, we first identify the particular constitutional right allegedly infringed. *See* Albright v. Oliver, 510 U.S. 266, 271, 114 S.Ct. 807, 811 (1994).

determined that computation of the statute of limitations for tort actions starts to count not on the date when the starting point of the prescriptive term, but the day after, for the starting point is not counted. *See* Carreras-Rosa v. Alves-Cruz, 127 F.3d 172, 174 (1st Cir. 1997).[8] *See also* Brademas v. Indiana Housing Finance Authority.[9]

Defendant has argued the starting point for the limitation period in this case is April 15, 2010. However, the application of the state computation starting point would be April 16, 2010, and plaintiffs then should have filed this action by such date on the following year, that is by April 16, 2011. However, in the year 2011, the day required for filing of April 16th fell on a Saturday, for which plaintiffs would have been allowed to file their Complaint the next working day available when this Federal Court was open for service, that is, Monday, April 18, 2011. However, the record shows that, although this Federal Court was open for business on said Monday of April 18, 2011, plaintiffs filed their claim on Tuesday, April 19, 2011, at 4:32 P.M.

There is no argument from plaintiffs showning any reason to toll the statute of limitations, for which the filing of the Complaint on April 19, 2011 is considered to be late and the Section 1983 claim time-barred.

---

[8] In Section 1983 cases, Puerto Rico law governs the limitation period, including the close related questions of application, for then when a federal court borrows the state statute of limitation, so too the date on which the limitation period starts to run should be determined by state law defining the application of the limitation period.

[9] 354 F.3d 681 (7th Cir. 2004)(dismissing as time-barred an action for wrongful denial of federal tax credits under low-income housing credit program).

## CONCLUSION

In view of the above discussed, it is recommended that defendant's unopposed Motion for Judgment on the Pleadings (Docket No. 22) be **GRANTED**.

IT IS SO RECOMMENDED.

The parties have fourteen (14) days to file any objections to this report and recommendation. Failure to file same within the specified time waives the right to appeal this order. Henley Drilling Co. v. McGee, 36 F.3d 143, 150-151 (1st Cir. 1994); United States v. Valencia, 792 F.2d 4 (1st Cir. 1986). *See* Paterson-Leitch Co. v. Mass. Mun. Wholesale Elec. Co., 840 F.2d 985, 991 (1st Cir. 1988) ("Systemic efficiencies would be frustrated and the magistrate's role reduced to that a mere dress rehearser if a party were allowed to feint and weave at the initial hearing, and save its knockout punch for the second round").

San Juan, Puerto Rico, this 26th day of January of 2012.

s/CAMILLE L. VELEZ-RIVE
CAMILLE L. VELEZ-RIVE
UNITED STATES MAGISTRATE JUDGE