IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| JARDIN DE LAS CATALINAS LIMITED PARTNERSHIP, JARDIN DE SANTA MARIA LIMITED PARTNERSHIP,<br><br>**Plaintiffs**,<br><br>v.<br><br>GEORGE JOYNER, in his official capacity as Executive Director of the PUERTO RICO HOUSING FINANCE AUTHORITY,<br><br>**Defendant.** | **CIVIL NO.** 11-1374 (FAB) |

**OPINION AND ORDER**

BESOSA, District Judge.

Before the Court is the Report and Recommendation ("R&R") (Docket No. 27), regarding defendant's motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) (Rule 12(c)) (Docket No. 22), which plaintiffs did not oppose. Having considered the magistrate judge's recommendations, and the parties' objections and responses, the Court **ADOPTS** the R&R.

**DISCUSSION**

**I.    Procedural History**

On April 19, 2011, Jardin de las Catalinas Limited Partnership ("Catalinas") and Jardin de Santa Maria Limited Partnership ("Santa Maria") (together, "plaintiffs") filed a complaint against George Joyner, in his official capacity as executive director of the Puerto Rico Housing Finance Authority ("PRHFA") (hereafter

Civil No. 11-1374 (FAB)                                                      2

"defendant"), alleging a seizure of property constituted by tax credits known as the Low Income Housing Tax Credit ("LIHTC") and amended by the Housing and Economic Recovery Act ("HERA").  (Docket No. 1.)  On December 19, 2011, defendant filed a motion for judgment on the pleadings, alleging that plaintiffs lack a property interest in the credits and thus fail to state a violation of a constitutional right.  In the alternative, defendant argues that plaintiffs' section 1983 claim is time-barred under the applicable statute of limitations.  (Docket No. 22.)  Plaintiffs moved the magistrate judge for an extension of time to respond to defendant's motion on December 21, 2011, and were granted an extension until January 20, 2012.  (Docket Nos. 25 & 26.)  Even after being granted the extension requested, plaintiff failed to oppose defendant's motion for judgment on the pleadings, and on January 26, 2012, the magistrate judge issued an R&R recommending that defendant's unopposed motion be granted.  (Docket No. 27.)

After their prolonged absence, plaintiffs swiftly entered the scene and filed a motion asking the magistrate judge to reconsider the R&R.  (Docket No. 28.)  The magistrate judge denied plaintiffs' motion, and noted that "[t]he content of the reconsideration may be filed by plaintiffs as an objection to the Report and Recommendation."  (Docket No. 29.)  Plaintiffs filed their objections to the R&R, defendant filed an opposition to plaintiffs' objections, plaintiffs filed a reply, and defendant filed its

Civil No. 11-1374 (FAB)                                                      3

surreply.  (Docket Nos. 30, 33, 38, 43.)  The Court now considers the applicable legal standards and the parties' arguments.

## II.  Legal Standards

### A.   Standard under 28 U.S.C. § 636(b)(1)

A district court may refer, *inter alia*, "a motion . . . for judgment on the pleadings" to a magistrate judge for a report and recommendation.  See 28 U.S.C. §636(b)(1)(A)-(B); Fed.R.Civ.P. 72(b); Loc. Rule 72(a).  Any party adversely affected by the report and recommendation may file written objections within fourteen days of being served with the magistrate judge's report. See 28 U.S.C. §636(b)(1).  A party that files a timely objection is entitled to a *de novo* determination of "those portions of the report or specified proposed findings or recommendations to which specific objection is made."  Sylva v. Culebra Dive Shop, 389 F.Supp.2d 189, 191-92 (D.P.R. 2005) (citing United States v. Raddatz, 447 U.S. 667, 673 (1980)).  Failure to comply with this rule precludes further review.  See Davet v. Maccorone, 973 F.2d 22, 30-31 (1st Cir. 1992).  In conducting its review, the Court is free to "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636 (a)(b)(1).  Templeman v. Chris Craft Corp., 770 F.2d 245, 247 (1st Cir. 1985); Alamo Rodriguez v. Pfizer Pharmaceuticals, Inc., 286 F.Supp.2d 144, 146 (D.P.R. 2003). Furthermore, the Court may accept those parts of the report and

Civil No. 11-1374 (FAB)                                                   4

recommendation to which the parties do not object. See Hernandez-Mejias, 428 F.Supp.2d at 6 (citing Lacedra, 334 F.Supp.2d at 125-126).

**B.   Federal Rule of Civil Procedure 12(c) Standard**

"A motion for judgment on the pleadings is treated much like a Rule 12(b)(6) motion to dismiss." Perez-Acevedo v. Rivero-Cubano, 520 F.3d 26, 29 (1st Cir. 2008) (citing Curran v. Cousins, 509 F.3d 36, 43-44 (1st Cir. 2007)).  When considering a motion under Rule 12(c), a "'court must view the facts contained in the pleadings in the light most favorable to the nonmovant and draw all reasonable inferences therefrom . . . .'" Id. (quoting R.G. Fin. Corp. v. Vergara-Nuñez, 446 F.3d 178, 182 (1st Cir. 2006)).  "[A]n adequate complaint must provide fair notice to the defendants and state a facially plausible legal claim."  Ocasio-Hernandez v. Fortuño-Burset, 640 F.3d 1, 12 (1st Cir. 2011).

When faced with a motion for judgment on the pleadings, "[a] plaintiff is not entitled to 'proceed perforce' by virtue of allegations that merely parrot the elements of the cause of action." Id. at *9 (quoting Ashcroft v. Iqbal, ___ U.S. ___, 129 S.Ct. 1937, 1950 (2009)).  Any "[n]on-conclusory factual allegations in the complaint [, however,] must . . . be treated as true, even if seemingly incredible." Id. (citing Iqbal, 129 S.Ct. at 1951).  Where those factual allegations "allow[] the court to draw the reasonable inference that the defendant is liable for the

Civil No. 11-1374 (FAB)                                                 5
_____

misconduct alleged," the claim has facial plausibility.  Id.
(citing Iqbal, 129 S.Ct. at 1949).

  **C.  Plaintiffs' Waiver of any Objection to the Report and Recommendation**

  Plaintiffs failed to oppose defendant's motion for judgment on the pleadings. They moved for an extension of time to respond to defendant's motion, were granted the extension, and still failed to file a timely opposition to defendant's motion. (See Docket Nos. 25 & 26.)  They presented their arguments on the merits of that motion in their objection to the report and recommendation. (See Docket No. 30.)  After the magistrate judge granted defendant's motion for judgment on the pleadings, plaintiffs filed a motion for reconsideration of the R&R.  (Docket No. 28.)  The magistrate judge appropriately denied the plaintiffs' motion to reconsider, but noted that plaintiffs could make their arguments in an objection to the R&R. (Docket No. 29.)

  First, as a general matter, defendant correctly points out that plaintiffs' failure to raise the relevant claims in a timely manner results in a waiver of those objections. See DiMarco-Zappa v. Cabanillas, 238 F.3d 25, 33 (1st Cir. 2001). "The law is clear that when a dispositive motion is heard before a magistrate judge, the movant must make all her arguments then and there, and cannot later add new arguments at subsequent stages of the proceeding." Maurice v. State Farm Mut. Auto. Ins. Co., 235 F.3d 7, 10 (1st Cir. 2000).  The Court finds that the arguments

Civil No. 11-1374 (FAB)                                                 6

raised in plaintiffs' motion for reconsideration should have been raised in an opposition to defendant's motion and are therefore deemed waived.

Even had the motion never been referred to a magistrate judge, it is clear that "[a] party's failure . . . to timely oppose a motion in the district court constitutes forfeiture." Crispin-Taveras v. Municipality of Carolina, 647 F.3d 1, 7 (1st Cir. 2011) (citing Rivera-Torres v. Ortiz-Velez, 341 F.3d 86, 102 (1st Cir. 2003)). Furthermore, the Court's local rules expressly state that by failing to file a timely opposition to a motion, "the opposing party shall be deemed to have waived objection." Loc. Civ.R. 7(b).

Although 28 U.S.C. § 636(b)(1)(C) gives parties the right to *de novo* review to specific parts of reports and recommendations to which they properly object, those parties are "not entitled to a *de novo* review of an argument never raised." See Borden v. Sec'y. of Health and Human Servs., 836 F.2d 4, 6 (1st Cir. 1987); 28 U.S.C. § 636(b)(1)(C). Allowing parties to sit on their hands until after a magistrate judge has issued a report and recommendation would severely undermine the utility, and the purpose, of referring motions to magistrate judges. See id. Thus, "parties must take before the magistrate [judge], 'not only their best shot but all of their shots.'" Id. (quoting Singh v. Superintending Sch. Comm., 593 F. Supp. 1315, 1318 (D.Me. 1984)). Given plaintiffs' failure to oppose the motion for judgment on the

Civil No. 11-1374 (FAB)                                                    7

pleadings properly, they have consequently passed on any opportunity to present substantive arguments regarding that motion. See id.; Crispin-Taveras, 647 F.3d at 7; Loc. Civ.R. 7(b). Accordingly, the Court need not consider the arguments presented in plaintiffs' objections to the report and recommendation (Docket No. 30) or their reply to defendant's opposition.  (Docket No. 38.)

**III. The Court's Review of the R&R**

The magistrate judge granted defendant's motion for judgment on the pleadings on the basis that plaintiffs failed to state a cause of action under section 1983, and on the basis that their claims are time-barred by the applicable statute of limitations. (Docket No. 27.)  While the Court need not consider plaintiffs' untimely motions, for the purposes of thoroughness, the Court has reviewed the applicable motions and is in agreement with the magistrate judge's analysis.

First, plaintiffs have not established an entitlement to a property interest in the tax credit created under section 42 of the Internal Revenue Code.  Plaintiffs seem to acknowledge that the allocation of low income housing tax credits rests on the sole discretion of the state allocating agency, but argue that the increase in the LIHTC granted by HERA were not subject to discretion, but were mandated by federal statute.  (Docket No. 30 at 3-4.)  Plaintiffs have failed to cite to any relevant case law that contradicts First Circuit Court of Appeals precedent, which

Civil No. 11-1374 (FAB)                                                    8

states that because the state agency has "absolute discretion to determine whether federal income tax credits are awarded to an applicant", an applicant has no "cognizable 'property interest' in the 'promised' federal income tax credits." Barrington Cove Ltd. Partnership v. Rhode Island Housing and Mortg. Finance Corp., 246 F.3d 1, 5-6 (1st Cir. 2001).

Plaintiff's reliance on Rio Grande Community Health Center, Inc. v. Rullan is misplaced. 397 F.3d 56, 72-73 (1st Cir. 2005) (holding that "a § 1983 action does lie for an FQHC [federally-qualified health center] to enforce the Secretary[] [of Health's] obligation to make wraparound payments under 42 U.S.C. § 1396a(bb).") As the Rio Grande court established, a violation of a federal right "must be 'unambiguously conferred' by the statutory provision at issue." Id. The language of the statute at issue in this case, 26 U.S.C. § 42, however, "simply mandates that states promulgate their own allocation plans regarding these federal income tax credits, without identifying *any* particular condition under which the states are obligated to allocate them." Barrington Cove, 246 F.3d at 6.

Thus, plaintiffs have no entitlement to tax credits under the LIHTC or under the HERA, which temporarily created a fixed floor rate of 9 percent for low income housing tax credits. The enactment of HERA does not explicitly affect the discretion of state agencies to grant or deny tax credits for low-income housing.

Civil No. 11-1374 (FAB)                                                9

In the absence of a statutory amendment or precedential case law, the Court finds that the First Circuit Court of Appeals, decision in <u>Barrington Cove</u> remains good law, and that plaintiffs have not shown an entitlement to a property interest in the allocation of tax credits under section 42 of the IRC.

   Second, plaintiffs' claims are time-barred because plaintiffs filed a complaint after the statute of limitations on their section 1983 claim had run.  As the R&R states, Puerto Rico law is the guiding factor in determining the statute of limitations for a tort action in this district.  (Docket No. 27 at 8-9.)  Plaintiffs set forth three reasons why their claim is not time-barred:  (1) the tort is continuous, (2) plaintiffs did not have adequate notice of the injury, thus requiring the statute of limitations to be tolled, and (3) equitable tolling applies to plaintiffs.  (Docket No. 30 at 19-24.)  The Court addresses each argument respectively.

   As defendant correctly points out, a continuous tort under Puerto Rico law "is 'ongoing unlawful conduct,' not a continuing harmful effect."  (Docket No. 33 at 10, citing <u>M.R. (Vega Alta), Inc. v. Caribe General Elec. Products, Inc.</u>, 31 F.Supp.2d 226, 240 (D.P.R. 1998).  The form 8609 documents, which state the amount of credits that will be allocated to applicants, were sent to plaintiffs by defendant on or before April 15, 2010.  (Docket No. 22-1, 22-2.)  Thus, by April 15, 2010, plaintiffs were aware of how many credits they would be allocated, and how many credits were

Civil No. 11-1374 (FAB)                                           10

allegedly seized by the defendant.  Plaintiffs filed their complaint on April 19, 2011, more than one year later; therefore, their claim is time-barred.

The date of receipt of the Form 8609 documents also goes against plaintiffs' claims of inadequate notice.  The 8609 documents most clearly state the amount of credit to be allocated, and plaintiffs cannot seriously allege that they were "tricked" by defendant because they failed to do their own due diligence in reviewing the forms upon receipt.

Finally, the Court finds that the <u>Baldwin</u> factors are inapplicable and that plaintiffs are not excused from the statute of limitations.  See <u>Baldwin County Welcome Center v. Brown</u>, 466 U.S. 147 (1984) (finding that "[o]ne who fails to act diligently cannot invoke equitable principles to excuse that lack of diligence.")  The First Circuit Court of Appeals has outlined five factors to weigh when considering whether to allow equitable tolling:  "(1) lack of actual notice of filing requirement; (2) lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the defendant; and (5) a plaintiff's reasonableness in remaining ignorant of the notice requirement." <u>Kale v. Combined Ins. Co. of America</u>, 861 F.2d 746, 752 (1st Cir. 1988).  The Court finds no reason to employ equitable tolling in this instance, because it has determined that plaintiffs knew or should have known when the

Civil No. 11-1374 (FAB)                                              11

alleged seizure occurred, because defendant would be highly prejudiced if plaintiffs' suit were allowed to continue, and because plaintiffs were not reasonable in remaining ignorant about when the alleged seizure took place.  They were in receipt of the forms which clearly outlined allocated credits and chose to wait to file their complaint until after the statute of limitations had run.  Thus, the Court finds that plaintiffs' claim is time-barred, plaintiffs had adequate notice of the alleged seizure, and equitable tolling is not appropriate.

**IV. Conclusion**

The Court has made an independent examination of the record in this case and **ADOPTS** the magistrate judge's findings and recommendations.  Plaintiffs have failed to state a cause of action under section 1983 because they have no legitimate property interest in tax credits granted pursuant to Section 42 of the IRC.  Moreover, plaintiffs' claims are barred by the statute of limitations.  Defendant's motion for judgment on the pleadings is **GRANTED** and plaintiffs' case is **DISMISSED WITH PREJUDICE**.  Judgment shall be entered accordingly.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, May 21, 2011.

                                        s/ Francisco A. Besosa
                                        FRANCISCO A. BESOSA
                                        UNITED STATES DISTRICT JUDGE